UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 2:09-CR-20549 |
| Plaintiff, | HONORABLE DENISE PAGE HOOD |
| v. | MAG. JUDGE R. STEVEN WHALEN |
| D-5    MUJAHID CARSWELL, | |
| a.k.a. Mujahid Abdullah, | |
| Defendant. | |

_____/

**PROTECTIVE ORDER BASED ON INCORPORATED STIPULATION**

This Court has reviewed the stipulation of the parties regarding the procedures to assure protection of sensitive discovery materials, and is fully apprised in the premises.

**IT IS HEREBY ORDERED** that the pretrial disclosure of any and all written and recorded information, including but not limited to affidavits in support of search warrants, witness interview summaries, recordings and transcripts of conversations intercepted by the authority of the Court pursuant to 18 U.S.C. § 2510 *et seq.* ("Title III") and affidavits submitted in support thereof, recordings and transcripts of consensually monitored conversations, and grand jury transcripts, is controlled by the provisions of the stipulation and agreement.

Entered: June 7, 2010                                S/ DENISE PAGE HOOD
                                                     HONORABLE DENISE PAGE HOOD
                                                     United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 2:09-CR-20549 |
| Plaintiff, | HONORABLE DENISE PAGE HOOD |
| v. | MAG. JUDGE R. STEVEN WHALEN |
| D-5   MUJAHID CARSWELL, | |
| Defendant. | |
| _____/ | |

**STIPULATION BY THE PARTIES**
**REGARDING PROTECTIVE ORDER AND DISCOVERY PROCEDURE**

The parties to the above criminal action do hereby stipulate and agree as follows:

1. The government is in possession of recordings of consensually monitored conversations of some or all of the defendants and their associates that are relevant to this case, and the government intends to introduce them should the defendants elect to proceed to trial.

2. The government has also intercepted and recorded conversations pursuant to court-authorized wire taps of some or all of the defendants and their associates that are relevant to this case, and the government intends to introduce them should the defendants elect to proceed to trial.

3. Upon motion of the government, the affidavits in support of the court-authorized interceptions and the affidavits in support of search warrants executed in this case have been sealed. The affidavits relate information provided by sources and informants, whose identity and present locations may be revealed if the affidavits are unsealed.

4. In addition, the government is in possession of memoranda of interviews of witnesses, written witness statements, and transcripts of the grand jury testimony of individuals who will be called to testify.

5. The government also has copies of consensually recorded videos of many of the defendants and their associates, which contain the images of undercover employees and confidential human source(s). The government has shown those video tapes to all non-

custodial defendants and those defense attorneys who cared to attend on four separate occasions, and plans to show the video tapes to the custodial defendants, and any other defendants with their attorneys, in the very near future.

6. The government is concerned that these items of discovery have the potential to be used to endanger or intimidate witnesses if they are disseminated.

7. Defendant Mujahid Carswell (D-5) is now represented by attorney Nabih Ayad, who originally agreed to the terms of this protective order on December 22, 2009. Attorney James Allen has agreed to assist Nabih Ayad in supervising Mr. Carswell's review of the discovery. Defense counsel do not find any substance to the government's concerns regarding danger to or intimidation of witnesses. However, in order to facilitate Mr. Carswell's prompt review of the materials described above, the defendant and the government hereby enter into this stipulation and agreement.

8. The government is aware of its duty under Rule 16 of the Federal Rules of Criminal Procedure, and especially under Rule 16(a)(1)(B), to provide the defendants with copies of their recorded conversations that are relevant and within the government's possession, custody or control. The government seeks in good faith to comply with its obligations while safeguarding the rights and safety of prospective witnesses, and taking into account Rule 6 of the Federal Rules of Criminal Procedure. Rule 6 states, in part:

> (2) General Rule of Secrecy. A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.
>
> (3) Exceptions.
> . . .
> (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made--
>
> (i) when so directed by a court preliminarily to or in connection with a judicial proceeding;
> . . .

3

>If the court orders disclosure of matters occurring before the grand jury, **the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.**

9. Through his undersigned counsel, the defendant and the government hereby stipulate and agree:

   a. The 300+ CD-ROMs of the many hours of recorded conversations involving the defendants, as well as hundreds of pages of draft transcripts of some of the conversations, affidavits and other documents in support of Title III interceptions, and so on, have already been provided to defense counsel Nabih Ayad.

   b. Prior to trial, the government will produce grand jury transcripts of persons who will be called as witnesses at the trial of this matter, for use for purposes of trial preparation.

   c. The defendant will be permitted to review the affidavits, recordings, transcripts, memoranda and other items of discovery with his attorney at Mr. Ayad's offices, or at the law offices of James Allen. Mr. Allen, whose office is closer to Defendant Carswell's home, may receive some of the audiotapes from Mr. Ayad for the limited purpose of facilitating Defendant Carswell's review. Mr. Allen understands and agrees that:

      i. **Mr. Carswell may not possess a thumb drive or a cellular telephone while he is reviewing the discovery, and the computer he uses may not be linked to the internet or networked in any way. To this end, Mr. Ayad is providing a dedicated computer that is not networked, which will be kept in Mr. Allen's office for Mr. Carswell's use in examining the items of discovery. Mr. Carswell will not be permitted to take the computer out of Mr. Allen's office.**

      ii. **Only Mr. Carswell and persons employed by Mr. Ayad or Mr. Allen may be present when Mr. Carswell is reviewing the discovery; Mr. Carswell may not bring others with him.**

      iii. **None of the items will be reproduced in any fashion, nor will they be downloaded onto a computer or any other electronic media.**

      iv. **Mr. Ayad will retain custody of the original items except when they are transferred to Mr. Allen's custody, for the sole purpose of facilitating Mr. Carswell's review at Mr. Allen's offices.**

    v.    **Neither the defendant nor anyone else will be given copies of the affidavits, the transcripts, the memoranda of interviews, the recordings or any other discovery materials.**

d. Neither defense counsel will disclose any of the discovery provided by the government to anyone but the client, and paralegals and/or investigators working for the defense, and only for purposes of trial preparation.

e. **Defense counsel will insure that materials disclosed to Mr. Carswell and to any of the previously described persons will not be further disclosed.**

f. When the case is resolved as to this defendant, whether by trial or by plea, defense counsel will be responsible for returning to the government all of the discovery materials disclosed to them.

**SO STIPULATED:**


 /s/  Cynthia Oberg  
**CYNTHIA OBERG**  
Assistant United States Attorney  
cynthia.oberg@usdoj.gov  

Dated:  5/20/10

 /s/  Kevin M. Mulcahy  
**KEVIN M. MULCAHY**  
Assistant United States Attorney  
kevin.mulcahy@usdoj.gov  

Dated:  5/20/10


 /s/  Nabih Ayad  (w/ consent, cjo)  
**NABIH AYAD**  
nyad@ayadlaw.com  
*Counsel of record to Mujahid Carswell (D-5)*  

Dated:  5/27/10

 /s/  James P. Allen, Sr.  
**JAMES P. ALLEN, SR.**  
jamesallen@allenbrotherspllc.com  

Dated:  5/22/10

5