**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MUJAHID CARSWELL (D-5), a/k/a
Mujahid Abdullah,

    Defendant.

_____/

Case No. 09-20549

HONORABLE DENISE PAGE HOOD

## ORDER REGARDING VARIOUS MOTIONS

**I.  BACKGROUND**

Defendant Mujahid Carswell ("Carswell") is charged in Count I of the Indictment with conspiracy to commit federal crimes, in violation of 18 U.S.C. § 371. The object of the conspiracy was to violate 18 U.S.C. § 2315 "by knowingly receiving, possessing, concealing, bartering, selling and disposing of goods, wares and merchandise valued at $5,000 or more that they believed had been stolen, unlawfully converted, and thereafter transported across a State boundary into the State of Michigan." (Indictment, ¶ 3) Defendant Detric Lamont Driver ("Driver") a/k/a Abdullah Beard, is also charged in Count I of the Indictment with conspiracy to commit federal crimes, in violation of 18 U.S.C. § 371. There are eleven transactions identified in Count I. Carswell and Driver are the remaining defendants. All other defendants have pled guilty.

Carswell filed two motions: Motion to Dismiss Count One as Duplicitous and Motion in Limine to Exclude Evidence of Other Crimes or Acts. Driver filed a notice joining in Carswell's motions.

**II.  ANALYSIS**

### A.     Motion to Dismiss Count I as Duplicitous

Carswell seeks to dismiss Count One against him claiming that out of the eleven transactions identified by the Government, Carswell is only involved in two transactions on March 5, 2009 and March 25, 2009. In the March 5, 2009 transaction, Carswell is alleged to have taken photographs of a number of coats. In the March 25, 2009 transaction, Carswell is alleged to have purchased and re-sold laptop computers. Carswell claims Count I improperly joins separate conspiracies involving separate co-conspirators under a single criminal count. Although Carswell acknowledges that in general, when individuals are indicted together on a single conspiracy charge, they should be tried together, Carswell claims that he would be prejudiced if tried with the remaining defendant based on a false impression that Carswell was involved in or aware of the other crimes by other alleged co-conspirators. Carswell also claims that it would closely align him with other individuals who, the Government asserts, belong to a nationwide radical fundamentalist Islamic group primarily consisting of African-Americans whose primary mission is to engage in an offensive jihad. Carswell argues he has not promoted such activities. Carswell asserts that judicial economy is not at issue since most of the defendants in this case have pled guilty or have died.

It is noted that out of the eleven transactions identified by the Government, Driver is alleged to be personally involved in five transactions: December 4, 2008; January 14, 2009; February 12, 2009; July 24, 2009; and, October 28, 2009.

In response, the Government asserts that judicial economy is relevant because there is overlap of evidence between the two remaining defendants. The Government's evidence as to the conspiracy and the agreement to the conspiracy charges, is the same for all co-conspirators. The witnesses will be the same for both remaining defendants, with a few exceptions. Because

Defendants were a part of the conspiracy, the statements of the co-conspirators during the course and in furtherance of the conspiracy will be used against both Defendants under the Rules of Evidence, Rule 801(d)(2)(E). The Government argues there is no legal requirement that either of the Defendants personally commit any overt act. The jury must decide whether a conspiracy existed and whether these Defendants joined the conspiracy, knowing the goal and whether any of the conspirators performed one overt act.

Carswell acknowledged in his reply the general rule of deferring to the prosecutor's decisions regarding who to indict together on a single conspiracy charge. Carswell claims that he will be prejudiced if tried with his co-defendant Driver, since Carswell has no control over Driver's trial strategy. Carswell claims that the Government noted Driver's counsel intends to tell the jury that agents murdered Luqman Abdullah and will ask the jury to acquit his client based on the Government's outrageous conduct. Driver replied that defense counsel did not indicate at the hearing that he intended to raise the death of Abdullah at trial but merely argued that the Government be excluded from arguing that Abdullah was justifiably shot. Carswell argues that this is the sort of invitation that the Government claims would allow it to present prejudicial evidence against Carswell, including evidence that Carswell belonged to a radical fundamentalist Islamic terrorist group.

In the Sixth Circuit, duplicity is the joining of two or more separate offenses into a single count of the indictment. *United States v. Shumpert Hood,* 210 F.3d 660, 662 (6th Cir. 2000) The Sixth Circuit has held that multiple-object conspiracies are not void for duplicity. *United States v. Campbell,* 279 F.2d 392, 398 (6th Cir. 2002); *United States v. Dale*, 168 F.3d 429, 431-32 (6th Cir. 1999). Whether the evidence in support of a conspiracy count establishes a single conspiracy or

3

multiple independent conspiracies is not relevant on a motion to dismiss but is a question of fact for a jury. *United States v. Beech-Nut Nutrition Corp.,* 871 F.2d 1181, 1191-92 (2d Cir. 1989). "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous for the conspiracy is the crime and that is one, however diverse its objects." *Braverman v. U.S.,* 317 U.S. 49, 54 (1942)(Internal quotation and citations omitted); *United States v. Kelley,* 461 F.3d 817, 830 (6th Cir. 2006). There is a preference in the federal system for joint trials of defendants who are indicted together because it promotes efficiency and serves the interests of justice by avoiding inconsistent verdicts. *Zafiro v. United States,* 506 U.S. 534, 537 (1993). The rules are liberally construed in favor of joinder and it is presumed that the jury is capable of sorting out evidence and considering the case of each defendant separately. *United States v. Harris,* 9 F.3d 493, 501 (6th Cir. 1993); *United States v. Darden,* 70 F.3d 1507, 1526 (8th Cir. 1995). The party seeking severance "has a heavy burden of showing specific and compelling prejudice." *Harris,* 9 F.3d at 500.

Upon review of Count I of the Indictment, the conspiracy count is not duplicitous. As ruled by the Supreme Court, a single count of a conspiracy to commit several crimes is not duplicitous since the crime charged is conspiracy. *Braverman,* 317 U.S. at 54. The Government has submitted sufficient argument that the evidence it seeks to present regarding Carswell's (and Driver's) agreement to the conspiracy and as to knowledge of an overt act by any co-conspirator will establish the conspiracy charge. Count I is properly pled as a conspiracy charge and is not duplicitous.

As to the prejudice argument, Carswell has not carried his heavy burden of showing specific and compelling prejudice given the Sixth Circuit's finding that a jury is capable of sorting out evidence and considering the case of each defendant separately. It is the Court's expectation that no party will raise any evidence that is not relevant to the conspiracy charge at issue. The Court

4

cannot determine at this time whether co-defendant Driver or the Government will raise evidence regarding Abdullah's death or any ties to a fundamentalist Islamic group. The parties at the hearing indicated they will not raise any such issues or evidence at trial.

### B. Motion in Limine to Exclude Evidence of Other Crimes or Acts

Carswell asserts he may raise an entrapment defense at trial. Carswell notes that an entrapment defense is often countered by evidence of other crimes and wrongs and that although Rule 404(b) of the Rules of Evidence does not refer to such use, courts have recognized the use of other crimes as permissible. *United States v. Blankenship,* 775 F.2d 735, 739 (6th Cir. 1984). Carswell argues that the crimes must be substantially similar. Carswell seeks to preclude the Government from presenting any prior bad acts evidence as rebuttal to the entrapment defense. Driver filed a notice of joinder on the motion.

In a response filed by the Government under seal, the Government argues that should the defense raise the issue of entrapment in their case in chief or during arguments, Defendants' character is at issue. The Government asserts that to rebut the entrapment defense, it must prove beyond a reasonable doubt that Defendants were predisposed to commit the crimes. Because Defendants place their character at issue, the Government argues that Rule 404(b) does not control but that Rules 404(a) and 405(b) apply. The Government is not required to give a defendant notice of the evidence it may rely upon to rebut a defendant's claim of entrapment. The Government claims that Defendants will portray themselves as poverty-stricken but just and upright men who were unable to work and support their families so that in desperation, when given the opportunity to make a little money by participating in the non-violent theft and sale of stolen goods, they could not resist the temptation to do it. If Defendants so portray themselves, the Government argues it

must be able to rebut this portrayal of their character and be allowed to present evidence as to past bad acts. Although not required, the Government has given Defendants notice of prior criminal acts known to the Government, the Government lists in their sealed motions various evidence, including transcripts of wiretaps regarding Defendants' involvement in the crimes alleged.

In reply, Carswell agrees with the Government that Rule 404(b) does not bar introduction of any evidence of prior bad acts and recognizes that such evidence is generally permissible to rebut an entrapment defense. Carswell only asks the Court to issue an order excluding evidence of prior crimes or acts "unrelated to" or of a "different nature" than the conduct alleged in the Indictment, such as crimes involving prostitution or drugs. In a footnote, Carswell seeks to exclude evidence, not raised by the Government in its response, regarding any relation to a nationwide radical fundamentalist Islamic group consisting primarily of African Americans who converted to Islam while in prison and that the primary mission of the group is to engage in offensive jihad.

At oral argument, the Government indicated that if the defense does not raise the issue of outrageous conduct by the Government in connection with the investigation and prosecution of this case, the Government will not raise the facts set forth in the initial Complaint regarding a radical fundamentalist group. Because the defense has not expressly noted that it will not raise an issue of outrageous conduct by the Government at trial, the Court is unable to determine at this time whether the allegations set forth in the initial Complaint should be excluded since these allegations may or may not be relevant to the claim of outrageous conduct by the Government. It is noted that it is the Government's position that an outrageous conduct defense is an issue of law. Although the Government need not at this time notify the defense of any prior bad acts evidence before trial, the Government has given such notice by noting certain acts in its response brief. Based on the parties'

briefs and arguments at the hearing, the motion is denied without prejudice. The Court reserves the right to evaluate the evidence to be presented at trial, depending on the evidence presented by Defendants regarding any entrapment defense or any defense claims of outrageous conduct by the Government.

### C. Joinders by Carswell to previous Motions filed by other Defendants and Joinder by Driver to Carswell's Motions

Carswell filed two written notices to join in motions filed by Driver and by Raqib. Driver also filed a notice of Joinder in Carswell's motions. The Court, having entered an order regarding Raqib and Driver's motions, the Court stands by its previous orders on those motions dated January 28, 2010 (Doc. Nos. 124 and 125) and February 25, 2011 (Doc. No. 266).

Carswell raises a new issue in his joinder to Driver's disclosure motion regarding text messages. Carswell argues that the text messages between the agents and the potential cooperating witnesses during the course of the investigation are relevant to the defense of the charges in this case. Carswell cites *United States v. Suarez,* 2010 WL 4226524 (D.N.J. Oct. 21, 2010)(unpublished) to support his request for production of text messages.

In response to the text messages and emails request, the Government claims there were no emails. As to the text messages, the Government noted three specific text messages in its response. The Government argues that as to the remaining text messages, the Government claims the Confidential Human Source (CHS) and several undercover agents did not exchange any substantive text messages, other than indicating to the agents who was with him or whether he felt safe or might require assistance. The Government claims the text messages would add nothing to the defense. The Government argues that no substantive text messages were exchanged because the CHS did not want any of the co-conspirators to read the texts. The Government asserts that Defendants have

been given hundreds of pages of Source Reporting Documents written by the case agent which recorded anything of consequence that occurred close to the time when the CHS was in communication with the agent. The Government claims it would take enormous resources to review every text message sent to determine the relevancy of the messages. The Government argues that such a task would be futile since there is nothing in the text messages the defense does not already have.

There is no dispute that the Government has given the defense in this case numerous documents and other evidence. The Government claims the text messages, other than those noted by the Government, will not be presented at trial. Should the Government seek to present text messages at trial that have not been provided to the defense, the Court will not allow such evidence. The Court notes that in the *Suarez* case cited by Carswell, the district court ruled the Government had a duty to preserve the Jencks material contained in the text messages as required by Third Circuit precedent. *Suarez,* 2010 WL 4226524 at *6. However, the Sixth Circuit precedent regarding the Government's duty to preserve Jencks material is "limited to evidence that possesses an exculpatory value which was apparent before the evidence was destroyed." *United States v. Jobson,* 102 F.3d 214, 219 (6th Cir. 1996). The Sixth Circuit has held that routine destruction of interview notes after preparation of a full 302 report does not violate the Jencks Act. *United States v. McCallie,* 554 F.2d 770, 773 (6th Cir. 1977). The Sixth Circuit, noting contrary decisions in other Circuits, stated, "[w]e do not, however, feel that this case is a suitable vehicle to review this Circuit's settled case law on this subject." *Id.* at 773.

In this case, there is no evidence before the Court that the text messages at issue have been deleted or destroyed. The Government has provided the defense with Source Reporting Documents

8

written by the case agent as to communications with the CHS. The Government has identified three text messages of substance. Carswell notes that in this District, the practice is that Jencks materials are provided in advance of trial, even though the Government is not required to turn the materials over to the defense prior to the witness' testimony. Alternatively, if the Government declines to provide these text messages to the defense prior to trial, Carswell seeks an order to identify and preserve the text messages so that the messages will be available to the defense after the witness testifies at trial.

After the defense reviews the Source Reporting Documents, if the defense believes there may be related substantive text messages which he requires, the defense may request such text messages within a certain time frame from the Government, if such messages have not been otherwise destroyed. If the messages are available and the Government declines to provide such messages, the Government must preserve the messages until trial. If the messages have been destroyed, the Government must so notify the defense and the defense may thereafter file a motion before the Court to determine any available sanctions for the destruction of such messages. The Court grants Carswell's request to preserve any text messages relating to the investigation at issue. The Court denies without prejudice Carswell's request for the Government to produce such text messages.

### III.     CONCLUSION

IT IS ORDERED that the Motion to Dismiss Count One **(No. 233, 12/10/2010)** is DENIED.

IT IS FURTHER ORDERED that the Motion in Limine to Exclude Evidence of Other Crimes or Acts **(No. 234, filed 12/10/2010)** is DENIED without prejudice.

IT IS FURTHER ORDERED that the Notice of Joinder as to Text Messages **(No. 231, filed 12/10/10)** is DENIED without prejudice.

          s/Denise Page Hood
          Denise Page Hood
          UNITED STATES DISTRICT JUDGE

Dated: March 15, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 15, 2011, by electronic and/or ordinary mail.

          s/Felicia Moses for LaShawn R. Saulsberry
          Case Manager, (313) 234-5165